**Mark E. O'BRIEN, Plaintiff,**

v.

**The SAGE GROUP, INC., Bruce J. Serra, Jane Doe Serra, R.J. O'Brien & Assoc., Commodity Exchange Inc., Barnes & Co., John Doe Courtney, Jane Doe Courtney, John Doe Caracata, Jane Doe Caracata, Thomas F. Courtney, Jr., Defendants.**

**No. 90 C 1606.**

United States District Court, N.D. Illinois, E.D.

March 5, 1992.

Daniel George Loftus, Daniel Loftus, Chicago, Ill., Thomas P. Sughrua, Bellevue, Wash., for Mark E. O'Brien.

Joseph P. Pfingst, Laguna Niguel, Cal., for Sage Group Inc.

Bruce J. Serra, pro se.

Vincent Dominick Pinelli, Ronald Lloyd Sandack, Kenneth M. Lodge, Burke, Smith & Williams, Chicago, Ill., for R.J. O'Brien & Assoc.

## ORDER

NORGLE, District Judge.

Before the court is R.J. O'Brien & Associates' ("R.J.O.") "Motion for Leave to File Appeal of Interlocutory Order Or, In the Alternative, Motion That Order of January 22, 1992 Be Made A Final Order", and Mark E. O'Brien's ("plaintiff") motion to vacate stay of enforcement of judgment. For reasons set forth below, the court enters an order pursuant to Federal Rule of Civil Procedure 54(b) and modifies the stay of enforcement of the judgment.

## FACTS

Plaintiff obtained an order of default against R.J.O. on February 1, 1991. Judgment on the default was entered on March 28, 1991, for $40,000. On April 12, 1991, R.J.O. filed what essentially was a motion to vacate the March 28 and February 1 orders asserting a plethora of bases and citing very few federal civil procedure rules as authority for these bases.

After the matter was fully briefed, and the parties had submitted transcripts in accord with another court order, the court issued an opinion on January 22, 1992.[1] *See O'Brien v. The Sage Gp., Inc.*, 141 F.R.D. 81 (N.D.Ill. Jan. 22, 1992). The court construed R.J.O.'s motion as made pursuant Federal Rules of Civil Procedure 55(c) and 60(b) and denied both motions on both of these grounds. *Id.* at 83–86. However, the court held that the default was properly entered but that the proper judgment amount was $20,000. *Id.* at 87. Five days later, plaintiff sought to execute on the judgment. The court stayed that execution on February 5, 1992, pending resolution of R.J.O.'s present motion.

Unhappy with a halving of the default, R.J.O. filed the present motion captioned

---

1. The pleadings and transcripts show the numerous mutual accusations of counsel regarding improprieties.

"Motion for Leave to File Appeal of Interlocutory Order Or, In the Alternative, Motion That Order of January 22, 1992 Be Made A Final Order." Unhappy with the court's entry of a stay of his enforcement of the judgment, plaintiff moved to vacate the stay. The court will consider each motion in turn.

## DISCUSSION

### 1. R.J.O.'s Motion

R.J.O.'s motion asserts alternative bases for appeal from the court's January 22 order. First, it asks this court to find that the January 22 order resolved a controlling question of law of which there is a substantial difference of opinion and that therefore an interlocutory appeal is proper under 28 U.S.C. § 1292(b). Second, R.J.O. asks this court to order plaintiff to dismiss all other defendants, presumably so as to allow it to appeal. Third, it alternatively asks that the January 22 order be made final and appealable pursuant to Federal Rule of Civil Procedure 54(b). Because of this court's resolution of the 54(b) motion, the court need not reach the alternative bases asserted in R.J.O.'s motion.

■ Federal Rule of Civil Procedure 54(b) states in relevant part:

> [w]hen more than one claim for relief is presented in an action, . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all claims or parties only upon express determination that there is no just reason for delay and upon an express direction for the entry of judgment. . . .

Fed.R.Civ.Pro. 54(b). A district court is not unbridled when entry of such a judgment is sought, although a determination of whether two claims are separate is generally a matter of sound judicial discretion. *Perera v. Siegel Trading Co.*, 951 F.2d 780, 786 (7th Cir.1992). An entry is only proper if the claim of which the judgment disposes

is truly a separate one. *Production & Maint. Employees' Local 504 v. Roadmaster Corp.*, 954 F.2d 1397, 1402 (7th Cir. 1992). A 54(b) judgment may also be entered where the ruling disposes of all claims regarding a party. *Buckley v. Fitzsimmons*, 919 F.2d 1230, 1237 (7th Cir. 1990) (But "it does not authorize appeal of decisions that, if made in stand-alone litigation, would not be 'final' ").

■ For example, district court retention of calculation of essentially predetermined damages does not deprive the appellate court of jurisdiction. *Winston Network, Inc. v. Indiana Harbor Belt R.R.*, 944 F.2d 1351, 1357 (7th Cir.1991); *but see Trustees of Chicago Truck Drivers, Helpers & Warehouse Workers Union (Independent) Pension Fund v. Central Transport, Inc.*, 935 F.2d 114, 116 (7th Cir.1991). However, dismissal of a case does not necessarily allow a 54(b) judgment when there is the possibility of amendment of the complaint that was dismissed. *Willhelm v. Eastern Airlines, Inc.*, 927 F.2d 971, 973 (7th Cir. 1991).

■ What is present in this case is a separate claim against a single entity. R.J.O. was only named in one count for activities separate and distinct from those entities named in the other count. Moreover, the litigational morass that has developed from this case centers, in its entirety, around plaintiff and R.J.O. Indeed, the January 22 order involved no one else. None of the other defendants even filed briefs. For over a year, the other parties have taken on a nominal status.[2] This separation of R.J.O. from others supports a conclusion that a 54(b) judgment is appropriate here.

This conclusion is supported by the fact that plaintiff could have sued each individual for their wrong in a piece-meal fashion. Had plaintiff done so here, R.J.O. would clearly have the right to appeal the default judgment. The result cannot be any different because plaintiff selected several others to serve as defendants. *See Buckley*, 919 F.2d at 1237.

---

2. There is some indication by R.J.O. that the other defendants in this case may be bankrupt. This might explain their protracted absence before the court. Moreover, many of these issues surfaced before the case was transferred to the Northern District of Illinois from the Western District of Washington.

Finally, plaintiff has received all the relief he has requested from R.J.O. Plaintiff has asked this court to vacate the stay of garnishment. Importantly, he has not asked for reconsideration of the halving of the default judgment. When he gets all to which he is entitled, a 54(b) judgment is properly entered. *Production & Maint. Employees' Local 504*, 954 F.2d at 1407–08. Therefore, the court finds there is no just reason for delay and enters a Rule 54(b) order.

2. Stay

Plaintiff contests this court's stay of enforcement of judgment on R.J.O. assets. Given the court's resolution of the 54(b) judgment issue, plaintiff's objections are taken under advisement until the appellate court issues a decision on this 54(b) order or until the time for appeal has expired. At that time, plaintiff shall notify the court by renewing his motion to vacate the stay of enforcement.

## CONCLUSION

R.J.O.'s motion for a Rule 54(b) order is granted. The other bases for its motion are denied as moot. Plaintiff's motion to vacate the stay of enforcement is taken under advisement.

IT IS SO ORDERED.