**David A. GRAND, Plaintiff,**

v.

**NORTHROP CORP., Defendant.**

No. C–1–91–222.

United States District Court, S.D. Ohio, W.D.

March 9, 1993.

See also, 811 F.Supp. 330.

Ann Louise Lugbill, James Burdette Helmer, Jr., Helmer, Lugbill & Whitman Co., Cincinnati, OH, for plaintiff.

Michael Wesley Hawkins, Dinsmore & Shohl, Cincinnati, OH, for defendant.

Gerald Francis Kaminski, U.S. Dept. of Justice, Cincinnati, OH, for intervenor-plaintiff.

### ORDER DENYING DEFENDANT'S MOTION TO CERTIFY

SPIEGEL, District Judge.

This matter is before the Court on Defendant Northrop Corporation's ("Northrop") Motion to Certify (doc. 92), the Plaintiff's[1] Response (doc. 94), and the Defendant's Reply (doc. 96). This Court heard oral argument on the Defendant's Motion on February 25, 1993.

On November 4, 1992, this Court denied Northrop's Motion for Summary Judgment, holding that the statute of limitations did not bar Mr. Grand's claim for retaliation (doc. 87). We made this decision based upon the plain language of 31 U.S.C. §§ 3730, 3731 (1992). In making this decision, we disagreed with the district court's decision in *United States, ex rel. Truong v. Northrop Corp.*, Case No. CV88–967 MRP (C.D.Cal. Nov. 26, 1991).

#### Rule 54(b)

The Defendant asks this Court to certify its November 4, 1992 Order for immediate appeal under Fed.R.Civ.P. 54(b). This rule states in part:

> [w]hen more than one claim for relief is presented in an action ... the court may direct the entry of a **final judgment** as to one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed.R.Civ.P. 54(b) (emphasis added). The United States Supreme Court explained that the district court's decision:

> must be 'final' in the sense that it is 'an *ultimate disposition* of an individual claim entered in the course of a multiple claims action.'

*Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980) (citations omitted). The United States Court of Appeals for the Sixth Circuit elaborated that "the order must terminate all issues presented in at least one claim so that nothing remains except enforcement by execution of judgment." *Rudd Constr. Equipment Co. v. Home Ins. Co.*, 711 F.2d 54, 56 (6th Cir.1983).

In the case now before this Court, the Court *denied* the Defendant's Motion for Summary Judgment on the Plaintiff's retaliation claim. Thus, Mr. Grand's claim for retaliation is still a viable cause of action in this lawsuit—he may or may not prevail at trial. Consequently, there is no final judgment on Mr. Grand's retaliation claim. *See Syntex Pharmaceuticals Int'l, Ltd. v. K–Line Pharmaceuticals, Ltd.*, 905 F.2d 1525, 1526 (Fed. Cir.1990) (holding that a denial of summary judgment is not a final judgment); *California v. Amer. Stores Co.*, 872 F.2d 837, 846 (9th Cir.1989) (same).

#### Interlocutory Appeal

Congress has provided that a court may allow interlocutory appeal of an order denying summary judgment. The United

---

1. Mr. Grand is actually the Relator in this *qui tam* action; however, for convenience, the Court will refer to him as the Plaintiff.

States Code provides that a district court should grant interlocutory appeal when "there is substantial ground for difference of opinion and [from which] an immediate appeal ... may materially advance the ultimate termination of the litigation...." 28 U.S.C. § 1292(b). Historically, this Court has been reluctant to allow interlocutory appeal when an issue has not been finally resolved. *See e.g., David Day, et al. v. NLO, Inc., et al.,* 811 F.Supp. 1271 (S.D.Ohio Nov. 20, 1992) (J. Spiegel) (denying interlocutory appeal on the issue of whether this Court had improperly certified a class). This Court has been concerned that interlocutory appeal will slow the progress of the litigation.

In the case now before this Court, substantial grounds for disagreement exist concerning whether the statute of limitations bars the Plaintiff's claim for retaliation. The *Truong* court reasonably reached a different conclusion than the one reached by this Court.

Still, in order for this Court to permit interlocutory appeal, this Court must also find that interlocutory appeal will materially advance the ultimate termination of this litigation. This lawsuit involves two counts. In the first count, the Plaintiff claims that Northrop violated the False Claims Act by allegedly failing to report security violations of top secret information [the "*qui tam* claim"]. In the second count, the Plaintiff claims that Northrop fired him for reporting the alleged security violations [the "retaliation claim"]. *See* Complaint, doc. 1.

In determining whether interlocutory appeal will materially advance this litigation, we must consider the potential outcomes of this litigation. First, let us assume that this Court correctly decided that the statute of limitations does not bar the Plaintiff's retaliation claim. In this case, allowing interlocutory appeal on the retaliation claim would result in this Court trying the *qui tam* claim. Subsequently, following affirmation by the Sixth Circuit, we would have to try the retaliation claim. Therefore, under this scenario, interlocutory appeal would not materially advance the litigation. Instead, interlocutory

appeal would result in piecemeal litigation and would thwart the policy of judicial economy.

Alternatively, let us assume that this Court incorrectly decided the statute of limitations issue. In this case, the Court would try the *qui tam* claim and retaliation claim together. Following trial, the Sixth Circuit would reverse this Court with regard to the retaliation claim.[2] Assuming that this Court is careful in instructing the jury and in formulating special interrogatories, the Plaintiff's recovery on his *qui tam* claim would probably be upheld. At this juncture in the litigation, we believe that a jury could fairly decide the *qui tam* claim even if the same jury inappropriately considered the retaliation claim. *But cf. Gobal Potti, et al. v. Duramed Pharmaceutical, Inc.,* Case No. C–1–88–422, 1992 WL 467660 (S.D.Ohio June 2, 1992) (J. Spiegel) (holding that all issues in the case had to be retried upon remand by the Sixth Circuit). If the Defendant is convinced that this Court incorrectly decided the statute of limitations issue and that the jury will be prejudiced by considering the retaliation claim along with the *qui tam* claim, then the Defendant has the right under the Federal Rules to move for separate trials. *See* Fed. R.Civ.P. 42(b). Thus, even if this Court incorrectly decided the statute of limitations issue, interlocutory appeal still would not materially advance the ultimate termination of this litigation.

### CONCLUSION

Accordingly, the Defendant's Motion to Certify is denied.

SO ORDERED.

---

**2.** This case is currently scheduled for trial on November 1, 1993. Based upon this Court's experience, resolution of an appeal can take a year or two.