NOVACOR CHEMICALS INC.,
a Delaware corporation,
Plaintiff,

v.

GAF CORPORATION, a Delaware corporation, and International Specialty Products, Inc., a Delaware corporation, GAF Chemical Corp., a Delaware corporation, Perth, Inc., a Delaware corporation, Merick, Inc., a Delaware corporation, and ISP (Puerto Rico) Inc., a Delaware corporation, Defendants and Third–Party Plaintiffs,

v.

BASF CORPORATION, a Delaware corporation, Third–Party Defendant.

No. 1:93–CV–125.

United States District Court,
E.D. Tennessee,
Chattanooga.

Jan. 29, 1996.

Bruce C. Bailey, N. Kirkpatrick Brown, Chambliss & Bahner, Chattanooga, TN, Kevin K. Douglas, Kenneth K. Kilbert, Babst, Calland, Clements & Zomnir, PC, Pittsburgh, PA, for Novacor Chemicals Inc., a Delaware corporation.

Michael W. Boehm, James W. Gentry, Jr., Spears, Moore, Rebman & Williams, Chattanooga, TN, for GAF Corporation, International Specialty Products, Inc.

James W. Gentry, Jr., Spears, Moore, Rebman & Williams, Chattanooga, TN, for GAF Building Materials Corporation, GAF Chemical Corp, Perth, Inc., Merick, Inc., ISP (Puerto Rico) Inc.

### MEMORANDUM

COLLIER, District Judge.

At this time, the Court will take up defendant third-party plaintiff's, GAF Corporation's (GAF), Motion to Revise the Court's Order to Permit Interlocutory Appeal Pursu-

ant to Rule 54(b) [1] (Court File No. 104), and the outstanding matter of whether trial in this case should be continued until such time as a remedy is selected at the site (first Motion to Continue, Court File No. 42).

## I. BACKGROUND

This suit for contribution and indemnification under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 (CERCLA), 42 U.S.C. § 9601 *et seq.*, was filed on March 16, 1993 (Complaint, Court File No. 1). It involves complex factual and legal issues. Issues involving chlorinated organic chemicals, ground water contamination, possible land contamination, successive corporate liability, and responsibility for clean up under CERCLA must be resolved. The Court must also address issues involving privity of contract, "facility," breach of contract, contract applicability and interpretation.

The facts in this complicated case were previously summarized by the Court in a Memorandum (Court File No. 102) accompanying its decision on the parties' motions for summary judgment (the October order). The Court does not deem it necessary to restate the facts here, but will refer to the facts stated in that memorandum as necessary.

In part because of the complicated nature of the lawsuit, extensive pleadings have been filed in this case. Counsel for each side have very ably argued their respective positions. There is no doubt the parties have expended considerable sums and efforts in the litigation thus far. As this case continues, additional expense and effort will be necessary. The Court, therefore, understands and is sympathetic to the desire of defendant to obtain an advance ruling from the appellate court so as to "avoid protracted and expensive litigation with regard to difficult rulings"

(Court File No. 105, Defendant's Memorandum of Law in Support of Motion to Revise Order, p. 2).

## II. INTERLOCUTORY APPEAL

GAF asks the Court to revise its October 2, 1995 order (the October order) denying GAF's motion for summary judgement and granting third-party defendant's (BASF) motion for summary judgment. GAF seeks to have the Court direct the entry of a final judgment regarding the October order pursuant to Rule 54(b), *Fed.R.Civ.P.* Such an order would allow GAF to seek an interlocutory appeal from the October order provided that the requirements of 28 U.S.C. § 1292(b) were met. In support of its motion, GAF filed a memorandum of law, the thrust of which is the defendant's contention that an interlocutory appeal concerning "controlling questions of law will materially advance the ultimate termination of this litigation and avoid protracted and expensive litigation with regard to difficult rulings" (Court File No. 105). The plaintiff, Novacor Chemicals Inc., opposes this motion and filed a memorandum of law in support of its opposition (Court File No. 106). Third-party defendant BASF also filed an opposition to GAF's motion (Court File No. 107).

### A. Analysis

As a threshold matter, the Court notes that interlocutory appeals in the federal system are disfavored. *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981); *Sinclair v. Schriber,* 834 F.2d 103, 105 (6th Cir.1987). With certain very limited exceptions, appeals from district courts are restricted to the final judgments of such courts. *Sinclair,* 834 F.2d at 104. This requirement, often referred to as the final judgment rule, is embodied in

1. GAF filed this motion on November 17, 1995, approximately six weeks after the Court's order of October 2, 1995 and almost four months after the Court's original order entered on July 21, 1995 (Court File No. 88). Although a time limit for filing such request is not specified, there is caselaw to suggest requests for certification of an

interlocutory appeal can be denied if a substantial period of time passes between a court's decision and a motion for certification. *See Ferraro v. Secretary of the United States Dept. of Health and Human Services,* 780 F.Supp. 978, 979 (E.D.N.Y.1992) ("... [P]laintiff's two and a half

statute, 28 U.S.C. § 1291 [2]. Exceptions to this rule exist but typically require extraordinary circumstances. *Cohen v. Beneficial Industrial Loan Corporation,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); *General Acquisition, Inc. v. GenCorp,* 23 F.3d 1022, 1026 (6th Cir.1994). Moreover, the party seeking an interlocutory appeal has the burden of showing that exceptional circumstances exist warranting an interlocutory appeal. *Coming Up v. City and County of San Francisco,* 857 F.Supp. 711, 718 (N.D.Cal.1994).

The Supreme Court in *Firestone,* in discussing the final judgment rule, enunciated some of the policy reasons for ordinarily disfavoring interlocutory appeals:

> This rule, that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits, serves a number of important purposes. It emphasizes the deference that appellate courts owe to the trial judge as the individual initially called upon to decide the many questions of law and fact that occur in the course of a trial. Permitting piecemeal appeals would undermine the independence of the district judge, as well as the special role that individual plays in our judicial system. In addition, the rule is in accordance with the sensible policy of "avoid[ing] the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment."

*Id.* at 374, 101 S.Ct. at 673 (Marshall, J.) (citations omitted).

■ In the first instance, the obligation rests upon the district judge to decide matters before him or her. Attractive as it may be to refer difficult matters to a higher court for advance decision, such a course of action is contrary to our system of jurisprudence. *General Acquisition, Inc. v. GenCorp,* 23

F.3d 1022, 1026 (6th Cir.1994); *Hogan v. Consolidated Rail Corp.,* 961 F.2d 1021, 1025 (2nd Cir.1992). Only in clearly delineated circumstances may a district court judge certify decisions for immediate appeal. *General Acquisition,* 23 F.3d at 1026–1031.

With the above in mind, the Court will examine GAF's motion. As mentioned earlier, GAF asks the Court to make its October 2, 1995 order a "final order" pursuant to Rule 54(b). However, GAF premises its argument on 28 U.S.C. § 1292(b). Section 1292(b) and Rule 54(b) address two different situations. Rule 54(b) applies only to adjudications that would be final under 28 U.S.C. § 1291 if they occurred in a single-claim, two-party case. Section 1292(b), on the other hand, applies only to orders that would be considered interlocutory, *i.e.,* interim, in an action with the same limited dimensions. 10 Wright, Miller & Kane, *Federal Practice and Procedure* § 2658.2 (1983).

### 1. Rule 54(b)

■ Rule 54(b) of the *Federal Rules of Civil Procedure* permits immediate review of certain district court orders prior to the ultimate disposition of a case. *General Acquisition, Inc. v. GenCorp, Inc.,* 23 F.3d at 1026. In pertinent part the rule provides as follows:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to

month delay is an indication that the saving of time is of little concern in this case.")

**2.** 28 U.S.C. § 1291 provides in relevant part: "The courts of appeals (other than the United

States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States...."

any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Therefore, although this rule relaxes the finality requirement for appellate review, it does not allow for immediate appeal of every action taken by the district court. *General Acquisition* at 1026. Certification under Rule 54(b) requires a district court, first, to expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case and, second, to expressly determine that there is "no just reason" for delay. *Id.* These requirements must be considered individually.

■ **(a) *Entry of final judgment.*** Rule 54(b) requires the Court to expressly direct the entry of final judgment. In determining whether a judgment is final, courts must decide whether the decision is a

> "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims actions."

*Curtiss–Wright Corp. v. General Electric Company*, 446 U.S. 1, 7, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980) (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956)).

In *City of Louisa v. Levi*, the Sixth Circuit defined the rule in these terms,

> A final judgment is one which disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness, for giving effect to the judgment and leaves nothing to be done in the cause save superintend, ministerially, the execution of the decree.

140 F.2d 512, 514 (6th Cir.1944); *In re Sun Valley Foods Co.*, 801 F.2d 186, 189 (6th Cir.1986).

■ A decision or order which "does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the merits" is considered interlocutory. *In re Merle's, Inc.*, 481 F.2d 1016 (9th Cir.1973).

■ With this understanding of the meaning of a final judgment, it is clear the October 2, 1995 order denying GAF"s summary judgment request is not a final judgment. *Sinclair v. Schriber*, 834 F.2d 103, 104 (6th Cir.1987) (denial of summary judgment motion is not appealable final order). The lawsuit between Novacor and GAF continues, all claims between Novacor and GAF remain, and issues of liability and remedies are yet to be decided. *COMPACT v. Metro. Gov. of Nashville & Davidson Co.*, 786 F.2d 227, 230–31 (6th Cir.1986); *Grand v. Northrop Corp.*, 815 F.Supp. 238, 239 (S.D.Ohio 1993). By premising its argument on 28 U.S.C. § 1292(b), GAF inferentially acknowledges that this part of the Court's decision is not a final order but rather is interlocutory.

■ GAF is on slightly more solid ground regarding that part of the Court's decision granting third-party defendant's (BASF) summary judgment motion. Since summary judgment was granted in favor of BASF, the October order does terminate the case as to BASF. *Henry v. City of Detroit Manpower Dept.*, 763 F.2d 757, 761–62 (6th Cir.1985) (if further action by the district court is not contemplated, then for appeal purposes the order may be considered final). However, even considered in this light, the Court's decision is not a final order but rather is still interlocutory. Even in circumstances such as this where a complaint is dismissed as to one defendant but not another, the entry of a final judgment pursuant to Rule 54(b) should generally not be done. *Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021, 1025 (2nd Cir.1992). Final judgment should not be entered until all of the defendants and claims have been adjudicated. *Id.* Until then an interlocutory order of dismissal should remain interlocutory and subject to revision. *Id.* Accordingly, until a final judgment is entered as to all claims and defendants, BASF is still in this lawsuit and the

Court, as contemplated by Rule 54(b), could reverse its decision[3].

■ **(b)** *Just reason for delay.* Even if the October 2, 1995 order could be construed as a final order, the Court must still make an express determination that "there is no just reason for delay." Determination of whether there is or is not just reason for delay is committed to the sound discretion of the district court. *Curtiss–Wright,* 446 U.S. 1, 8–10, 100 S.Ct. 1460, 1465–66, 64 L.Ed.2d 1 (1980) (to justify reversal, district court's determination must be "clearly unreasonable"); *Sears Roebuck & Co.,* 351 U.S. at 437, 76 S.Ct. at 900–901; *General Acquisition,* at 1027; *Hogan v. Consolidated Rail Corp.,* 961 F.2d 1021, 1025 (2nd Cir.1992); *Harriscom Svenska AB v. Harris Corp.,* 947 F.2d 627 (2nd Cir.1991). However, the district court's discretion is not completely unbridled. *General Acquisition,* at 1029; *Hogan,* 961 F.2d at 1025; *O'Brien v. Sage Group, Inc.,* 141 F.R.D. 273 (N.D.Ill.1992). The Sixth Circuit Court of Appeals has not hesitated in finding abuses of discretion on the part of district courts in certifying cases for appeal under Rule 54(b). *See General Acquisition,* at 1029 and cases cited therein. In *Corrosioneering v. Thyssen Environmental Systems,* 807 F.2d 1279 (6th Cir.1986), the Sixth Circuit found an abuse of discretion. The court in *Thyssen,* in overruling the district court's erroneous certification under Rule 54(b), also addressed the judicial administration interest in rarely allowing such appeals:

> [J]uridical concerns counsel against the immediate appeal of a question of indemnity apart from or, at least, prior to the consideration on appeal of the question of whether any liability exist ... [B]y its very nature indemnity is collateral to and dependent upon a finding of liability ... [T]his juridical concern is alone sufficient to warrant our finding that the district court abused its discretion [in making a Rule 54(b) determination].

807 F.2d at 1284.

■ Even in circumstances where the trial court can make a determination under Rule 54(b) that there is no just reason for delay, such determinations should be made sparingly. *General Acquisition,* 23 F.3d at 1031; *Harriscom Svenska,* 947 F.2d at 629. Generally, the courts insist that the power under Rule 54(b) to make such determination be used only in the infrequent harsh case as an instrument for the improved administration of justice. *General Acquisition,* 23 F.3d at 1026; *Campbell v. Westmoreland Farm, Inc.,* 403 F.2d 939 (2nd Cir.1968). The policy reasons for this are because piecemeal review is not favored, *Ryan v. Occidental Petroleum Corp.,* 577 F.2d 298 (5th Cir.1978); routinely granting such requests would lead to duplicative litigation, and such determination could adversely affect the administration of justice.

■ In this circuit, trial courts are required to consider the following factors when making a Rule 54(b) determination:

(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

*General Acquisition,* 23 F.3d at 1029; *Corrosioneering,* 807 F.2d at 1283.

■ After considering the above factors, the Court does not find this case a suitable one for immediate appeal. First, issues in any interlocutory appeal would be

---

**3.** BASF is placed in a somewhat problematic position as a result of the Court's order granting its motion for summary judgment but not entering that order as a final judgment. Judge Pratt, dissenting, in *Hogan v. Consolidated Rail Corp.,* 961 F.2d 1021 (2nd Cir.1992), clearly stated the unique problems to be encountered by a party in such a position. *Hogan,* 961 F.2d at 1029. The Court is also sympathetic to BASF's plight.

substantially similar to the issues in any appeal after judgment. Both appeals would involve a myriad of similar complex legal issues based on CERCLA, *i.e.*, the obligations under federal law of landowners, past and present, regarding the cleanup of hazardous waste and the definition of a "facility." "A similarity of legal or factual issues will weigh heavily against entry of judgment under Rule 54(b)." *Morrison–Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). Assuming that the decision to grant summary judgment to BASF is not reversed, the only adjudicated claims are those between GAF and BASF. GAF has asserted defenses to liability that might well prevail at trial. Should GAF prevail at trial, its claims against BASF would be moot. Second, future developments in the case may nullify the need for review and make any appellate decision on this interlocutory issue unnecessary. Third, if review is needed, it would be in one appeal before one panel, instead of in separate appeals before two or more panels. Last, considerations of delay and the administration of justice militate against certification.

In *General Acquisition*, the Sixth Circuit indicated that the possibility of mootness alone is sufficient to weigh against certification. 23 F.3d at 1031.

If the Court was correct on granting summary judgment to BASF and in denying summary judgment to GAF, then the appeal would just delay the final resolution of this case. If the Court was incorrect in granting summary judgment to BASF, but correct in denying summary judgment in favor of GAF, the appeal would again just delay final resolution of this case since the trial with respect to GAF would have been delayed. Hence, whether the Court was correct or incorrect in granting summary judgment to BASF but correct with respect to its decision denying summary judgment to GAF, an appeal at the conclusion of the case adequately preserves GAF's rights.

In reaching this decision, the Court is cognizant of the particular nature of the case at hand. The Eighth Circuit in *Interstate Power v. Kansas City Power*, 992 F.2d 804, 807 (8th Cir.1993), considered a Rule 54(b) certification in a CERCLA case and observed:

> Even if the district court had resolved all § 9607(a) issues, however, we would not uphold the Rule 54(b) determination in this case. KCPL's third-party claim, seeks contribution under § 9613(f) *if* KCPL is liable to IPC in the principal action. An order dismissing a third-party claim for contribution or indemnity should rarely be certified for immediate appeal under Rule 54(b). The judicial administrative interest in deferring such appeals was forcefully noted in (*Corrosioneering, Inc.*). . . .

Based upon the record in this case, the Court does not view this case as one of the rare cases where the Court's discretion should be used to certify the October 2, 1995 decision for immediate appeal to avoid hardship. Furthermore, GAF has not demonstrated, and the Court fails to see, how the postponement of appeal until all of the issues are resolved would present a danger of prejudice, hardship or injustice to any of the parties. GAF mentions the prospect of protracted and expensive litigation and the risk of proceeding to trial without an essential party exposing the parties to the possibility of a second trial. However, the risk of a second trial was found an insufficient reason in *General Acquisition* and *Hogan*. Protracted and expensive litigation is more a byproduct of CERCLA litigation than anything unique about this case. Lastly, this is not the exceptional, "infrequent harsh" case warranting an interlocutory appeal.

### III. *SECTION 1292(b)*

█ Section 1292(b) provides in pertinent part as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Cases applying 28 U.S.C. § 1292(b) have listed three criteria that must be satisfied to

warrant an interlocutory appeal: (1) does the question involve a controlling issue of law (2) as to which there is a substantial ground for difference of opinion (3) that immediate appeal may materially advance ultimate termination of the litigation. *In re Baker & Getty Financial Services, Inc.*, 954 F.2d 1169, 1172 (6th Cir.1992).

■ Although not parsed out, some of the issues sought to be presented on appeal would involve controlling questions of law. The issue of whether the site is a consumer product serves as one example. However other issues are questions of fact, and some of the legal issues, at least in this Court's opinion, must await the determination of factual matters. All of GAF's legal arguments regarding the contract are still viable and have not been decided by the Court. This is more a case where GAF argues the Court has not properly applied the law to the facts, rather than a case where there are substantial disputes as to the applicable law.

Concerning the second element, GAF argues there is a substantial ground for difference of opinion with regard to BASF's and CERCLA's innocent landowner defense, the "as is" clause in the purchase agreement, as well as the other contract claims present in this case. In the Court's opinion, an insufficient showing has been made that there is substantial grounds for difference of opinion as to the applicable law.

On the last element, the Court does not see that an interlocutory appeal would materially advance the ultimate termination of this litigation. In fact, the likelihood is that just the opposite would result, that is, substantial delay. The Court's determination on this element is buttressed by the language in *General Acquisition* counseling against interlocutory appeals.[4]

For the above stated reason, the Court will DENY GAF's Motion to Amend.

---

4. The Court is also cognizant of the admonition in *General Acquisition, Inc. v. GenCorp*, 23 F.3d 1022 (6th Cir.1994) that rarely will there be reason to certify an appeal under § 1292 if not appropriate under Rule 54(b).
    While the standards permitting interlocutory review under 54(b) and 1292(b) may not be precisely identical, the same factors certainly

seem relevant to both types of inquiry. *See Campbell v. Westmoreland Farm, Inc.*, 403 F.2d 939, 942–43 (2nd Cir.1968) (Rule 54(b) certification considered improper for the same reasons that appeal under § 1292(b) was improper).
23 F.3d at 1032.

## IV. CONTINUANCE OF TRIAL UNTIL REMEDY DECIDED

■ The next issue for the court to address is whether trial in the matter should be delayed until Novacor and the state determine a remedy for the site. GAF raised this issue in its first Motion for Continuance (Court File No. 42) filed on June 14, 1994. Although trial dates have been set and reset on several occasions, no express ruling on this issue has yet been made.

GAF argues no trial should be held until remedies are selected. Novacor contends trial should proceed without awaiting a remedy. Novacor asserts that response costs have already been incurred and those costs can be recovered now. Novacor also argues future response costs can be assessed by way of a declaratory judgment.

It has now been some seven months since this case was assigned to the undersigned. In that time, the Court has dealt with several motions, conducted a face-to-face conference with counsel, and held at least one telephone conference with counsel. The Court is now prepared to decide this issue.

Having considered the arguments of the parties and the applicable law, the Court will **DENY** defendant's first Motion to Continue (Court File No. 42) based on arguments suggesting trial is premature.

## V. CONCLUSION

After carefully considering the pleadings of the parties and reviewing the applicable law, the Court concludes that it must **DENY** defendant's (GAF) motion to amend the October order (Court File No. 104). Under Rule 54(b), the Court is unable to certify that order for an immediate appeal. Under section 1292(b), the Court is unable to find that the necessary elements have been satisfied. An appeal of the Court's decision must follow

the normal and preferred process and await final judgment in this case.

The Court has had sufficient time to familiarize itself with this case and will **DENY** the defendant's (GAF) motion to continue the case until such time as a remedy is decided.

An Order will enter.