Donna RAINES, Brenda Billingsley, Alma King, Mary Long, Vanessa Morrison, Darlene Reed, Roberta Meyers, and Joann Williams, Plaintiffs,

v.

CITY OF KIMBALL, TENNESSEE; Roger Frizzell, individually and in his capacity as a police officer with the City of Kimball, TN; Clara Lapshaw, and in her capacity as a police officer with the city of Kimball, TN; and Angie Pelham, individually and as managing employee of Shearin Foods and Shoney's, Inc., Defendants.

No. 1:94–CV–47.

United States District Court, E.D. Tennessee.

March 5, 1996.

Harry F. Burnette, Brown, Dobson, Burnette & Kesler, Chattanooga, TN, Martin J. Levitt, Levitt & Levitt, Chattanooga, TN, for Donna Raines, Brenda Sue Billingsley, Alma King, Mary Long, Vanessa Morrison, Darlene Reed, Roberta Meyers and Joann Williams.

Thomas O. Helton, Heiskell, Donelson, Bearman, Adams, Williams & Caldwell, Chattanooga, TN, Gary M. Brown, Farris, Warfield & Kanaday, Nashville, TN, for Shoney's, Inc.

John B. Curtis, Jr., Leitner, Warner, Moffitt, Williams, Dooley, Carpenter & Napo, Chattanooga, TN, for Shearin Foods.

Ronald D. Wells, Robinson, Smith & Wells, Chattanooga, TN, for City of Kimball, TN, Roger Frizzell and Clara Lapshaw.

Joe E. Manuel, Nelson, McMahan, Parker & Noblett, Chattanooga, TN, for Angie Pelham.

### MEMORANDUM

COLLIER, District Judge.

The Court has before it the motions to alter or amend judgment by Jess Shearin and Shoney's Inc. (Court File Nos. 92, 94). These parties request that the Court declare as a final judgment its ruling of November 11, 1995 as set forth in Rule 54(b) of the *Federal Rules of Civil Procedure.*

### I. *BACKGROUND*

The plaintiffs brought this action seeking a determination of liability and damages for alleged wrongful acts that occurred in a Shoney's restaurant in Kimball, Tennessee on or about May 23, 1993. This suit involves numerous federal as well as state law claims.[1]

In addition, at the case's inception, there were many parties involved.

The facts in this very involved case were previously summarized by the Court in a Memorandum, (Court File No. 91), accompanying its decision on several of the defendants' motions for summary judgment. The Court does not deem it necessary to restate the facts of the case here, but will refer to the facts stated in that memorandum as necessary.

In part, because of the number of parties and claims involved in this lawsuit, extensive pleadings have been filed in this case. Counsel for the respective parties have very ably argued their positions. There is no doubt the parties have expended considerable sums and efforts in the litigation thus far. As this case continues, additional expense and effort will be necessary. The Court, therefore, understands and is sympathetic to the desire of Mr. Shearin and Shoney's Inc. to obtain a final judgment so as not to expend additional monies and effort in monitoring the further proceedings of this matter.

### II. *ANALYSIS*

#### A. *Final Judgment*

■ Rule 54(b) of the *Federal Rules of Civil Procedure* permits immediate review of certain district court orders prior to the ultimate disposition of a case. *General Acquisition, Inc. v. GenCorp, Inc.,* 23 F.3d 1022, 1026 (6th Cir.1994). In pertinent part the rule provides as follows:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of deci-

---

1. The federal causes of action include claims under 42 U.S.C. §§ 1983, 1985 and 1986. The state claims are negligent hiring, false imprisonment, intentional infliction of emotional distress, and assault and battery. In addition to the afore-mentioned causes of action, the plaintiffs alleged sexual harassment under the Tennessee Human Rights Act along with claims of unlawful search and violation of privacy pursuant to the United States and Tennessee Constitutions.

sion, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

In determining whether a judgment is final, courts must decide whether the decision is a

"judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action."

*Curtiss–Wright Corp. v. General Electric Company,* 446 U.S. 1, 7, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980) (citing *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 436, 76 S.Ct. 895, 900, 100 L.Ed.2d 1297 (1956). In *City of Louisa v. Levi,* the Sixth Circuit defined the rule in these terms,

A final judgment is one which disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness, for giving effect to the judgment and leaves nothing to be done in the cause save superintend, ministerially, the execution of the decree.

140 F.2d 512, 514 (6th Cir.1944); *In Re Sun Valley Foods Co.,* 801 F.2d 186, 189 (6th Cir.1986).

■ A decision or order which "does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the merits" is considered interlocutory. *In re Merle's Inc.,* 481 F.2d 1016 (9th Cir.1973).

■ Since summary judgment was granted in favor of Jess Shearin and Shoney's, Inc., it is clear the case is terminated as to Shoney's and Mr. Shearin. *Henry v. City of Detroit Manpower Dept.,* 763 F.2d 757, 761–62 (6th Cir.1985) (if further action by the district court is not contemplated, then for appeal purposes the order may be considered final). However, even consider-

ing the meaning of a final judgment as outlined above, the Court's decision dismissing Shoney's and Jess Shearin is not a final order but rather is still interlocutory. Even in circumstances such as this where a complaint is dismissed as to certain defendants but not others, the entry of a final judgment pursuant to Rule 54(b) should generally not be done. *Hogan v. Consolidated Rail Corp.,* 961 F.2d 1021, 1025 (2nd Cir.1992). Final judgment should not be entered until all of the defendants and claims have been adjudicated. *Id.* Until then an interlocutory order of dismissal should remain interlocutory and subject to revision. *Id.* Accordingly, until a final judgment is entered as to all claims and defendants, Shearin and Shoney's, Inc. are still in this lawsuit and the Court, as contemplated by Rule 54(b), could reverse its decision.

**B.** *Just Reason for Delay*

■ Even if the November 11, 1995 Order could be construed as a final order, the Court, for purposes of Rule 54(b), must still make an express determination that "there is no just reason for delay." Determination of whether there is or is not just reason for delay is committed to the sound discretion of the district court. *Curtiss–Wright,* 446 U.S. 1, 8–10, 100 S.Ct. 1460, 1465–66, 64 L.Ed.2d 1 (1980) (to justify reversal, district court's determination must be "clearly unreasonable"); *Sears Roebuck & Co.,* 351 U.S. at 437, 76 S.Ct. at 900–901; *General Acquisition,* 23 F.3d at 1027; *Hogan v. Consolidated Rail Corp.,* 961 F.2d 1021, 1025 (2nd Cir.1992); *Harriscom Svenska AB v. Harris Corp.,* 947 F.2d 627 (2nd Cir.1991). However, the district court's discretion is not completely unbridled. *General Acquisition,* 23 F.3d at 1029; *Hogan,* 961 F.2d at 1025; *O'Brien v. Sage Group, Inc.,* 141 F.R.D. 273 (N.D.Ill. 1992).

■ Yet, even in circumstances where the trial court can make a determination under Rule 54(b) that there is no just reason for delay, such determinations should be made sparingly. *General Acquisition,* 23 F.3d at 1031; *Harriscom Svenska,* 947 F.2d at 629. Generally, the courts insist the power under Rule 54(b) to make such determinations be

used only in the infrequent harsh case as an instrument for the improved administration of justice. *General Acquisition,* 23 F.3d at 1026; *Campbell v. Westmoreland Farm, Inc.,* 403 F.2d 939 (2nd Cir.1968). The policy reasons for this are because piecemeal review is not favored, *Ryan v. Occidental Petroleum Corp.,* 577 F.2d 298 (5th Cir.1978); routinely granting such requests would lead to duplicative litigation, and such determinations could adversely affect the administration of justice.

In this circuit, trial courts are required to consider the following factors when making a Rule 54(b) determination:

(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

*General Acquisition,* 23 F.3d at 1029; *Corrosioneering v. Thyssen Environmental Systems,* 807 F.2d 1279, 1283 (6th Cir.1986).

After considering the above factors, the Court does not find the judgments as to Mr. Shearin and Shoney's, Inc. suitable for entry of final judgment. Shearin and Shoney's contend the "distinct" nature of the legal claims asserted against them provides an appropriate basis for entering final judgment. Shearin suggests the vicarious liability theory upon which the plaintiffs premise their claims would prevent an appellate court from having to review the same legal theories even if this case was reviewed twice, once now, and again upon final adjudication. However, even if the Court were to accept this argument, the facts relevant to each

defendant in this case stem from the same set of happenings and are so intertwined that it would defeat the notion of judicial economy for this Court to open the door to multiple appeals in this matter. "A similarity of legal or factual issues will weigh heavily against entry of judgment under Rule 54(b)." *Morrison–Knudsen Co., Inc. v. Archer,* 655 F.2d 962, 965 (9th Cir.1981). Moreover, if the Court were to enter final judgments as to these parties and the plaintiffs were to seek appellate review prior to the final disposition of this case, separate reviews of this litigation, possibly by separate panels, could lead to inconsistent judgments.

### III. *CONCLUSION*

Therefore, in light of the previous analysis, the Court will DENY the motions of Jess Shearin and Shoney's, Inc. to alter or amend the judgment.