# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1437

_____

Peggy A. Davis;                          *
                                         *
            Plaintiff-Appellant,         *
                                         *
Pamela R. Nelsen,                        *
                                         *
            Plaintiff,                    *     Appeal from the United States
                                         *     District Court for the District
      v.                                 *     of Nebraska.
                                         *
Village of Decatur, a Political          *          [UNPUBLISHED]
Subdivision; Lance Anderson,             *
Individually; Sharon Huffman,            *
Individually; Howard Storm,              *
Individually,                            *
                                         *
            Defendants-Appellees.        *

_____

Submitted: October 18, 2001

Filed: October 24, 2001

_____

Before WOLLMAN, Chief Judge, FAGG and RILEY, Circuit Judges.

_____

PER CURIAM.

Peggy A. Davis and Pamela R. Nelsen were dismissed from their positions with the Village of Decatur (the Village) and refused grievance hearings. Davis and Nelsen

sued the Village and the members of the Board of Trustees individually, claiming loss of a property right without due process in violation of the Fifth and Fourteenth Amendments. The district court[*] dismissed the claims against the trustees, finding the trustees were entitled to absolute immunity for their legislative acts. The district court granted summary judgment for the Village on Davis's claim and denied summary judgment on Nelsen's claim, which is scheduled to proceed to trial. Davis appeals the judgment for the Village, but does not challenge the trustees' dismissal from the suit.

Although neither party questions our authority to hear Davis's appeal, we must consider whether we have jurisdiction before deciding the merits of the case. See Krein v. Norris, 250 F.3d 1184, 1187 (8th Cir. 2001). Under 28 U.S.C. § 1291, appellate courts have jurisdiction over final judgments. Orders disposing of fewer than all the claims or all the parties are not final judgments. Fed. R. Civ. P. 54(b); see also Murphy v. Arkansas, 127 F.3d 750, 753 (8th Cir. 1997) (holding grant of partial summary judgment was nonappealable). Because Nelsen's claim against the Village remains pending, the district court's grant of summary judgment on Davis's claim is not a final judgment. See Raines v. City of Kimball, Tennessee, 165 F.R.D. 75, 78 (E.D. Tenn. 1996). A district court may certify a partially dispositive order for appellate review, but "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). Here, the district court did not state it was certifying Davis's case for appeal. Additionally, although the district court expressly granted final judgment against Davis, the court did not make the required finding that there is no just reason to delay Davis's appeal until the entire case concludes. Thus, we lack jurisdiction to reach the merits of Davis's claim.

---

[*]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

Accordingly, we dismiss Davis's appeal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.